BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director

CAMERON SILVERBERG
Trial Attorney (D.C. Bar No. 1780628)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, DC 20005
Telephone: (202) 353-9265
Email: Cameron.D.Silverberg@usdoj.gov

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Case No. 3:24-cv-00119-LL-JLB<br><br>**JOINT MOTION TO VACATE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE, JOINT DISCOVERY PLAN, AND PROPOSED SCHEDULE** |

**INTRODUCTION**

In accordance with this Court's Order on March 7, 2024 (ECF No. 6), Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt ("Plaintiffs") and Defendant U.S. Department of Justice ("Defendant") held a Rule 26(f) Conference on March 20, 2024. Given the nature of this Freedom of Information Act ("FOIA") action, the parties agree that there is no need for discovery or a discovery plan at this time. The parties also agree that settlement discussions are premature, since the basis of any challenge to Defendant's response to Plaintiffs' FOIA requests cannot be known until Defendant has completed production of records in response to these requests.

The parties respectfully request that the Court vacate the Early Neutral Evaluation ("ENE") and Case Management Conferences ("CMC") set for April 2, 2024, as well as the related deadline to submit ENE statements by March 26, 2024. As detailed below, the parties propose that the Court enter a schedule in which Defendant makes it first interim response to the FOIA requests on July 31, 2024 and then makes rolling productions of responsive, non-exempt records every four weeks, based on a review of at least 500 pages of potentially responsive materials per month. The parties propose filing joint status reports every 60 days following the initial response, before filing a final status report after the last production that identifies whether any issues remain in the case and proposes a summary judgment briefing schedule if issues remain.

**I.   BACKGROUND**

Plaintiffs bring this action under FOIA, 5 U.S.C. § 552. FOIA establishes procedures for requesting records from federal agencies, and it exempts from release any portions of such records that are protected from public disclosure by one of nine exemptions or by one of three special law enforcement record exclusions. *Id.* In order to process a FOIA request, an agency reviews records for responsiveness to the request and withholds information falling within the exemptions. *See id.* § 552(b). If

an agency locates records that involve another agency's equities, it also needs to consult with that agency before releasing the records, and these consultations take time. *See id.* § 552(a)(6)(B)(iii)(III).

Once an agency has completed its processing of a plaintiff's FOIA request and its release of responsive records, a plaintiff may choose to challenge the adequacy of the agency's search for responsive records and the appropriateness of any withholdings in a motion for summary judgment. *See, e.g.*, *Harrison v. Exec. Ofc. For U.S. Atty's*, 377 F. Supp. 2d 141, 145 (D.D.C. 2005) ("FOIA cases are typically and appropriately decided on motions for summary judgment.").

Plaintiffs seek to obtain disclosure of records and other appropriate relief pertaining to two FOIA requests sent on February 27, 2023. The Complaint was filed on January 17, 2024, ECF No. 1, and answered on February 28, 2024, ECF No. 5. At the time Plaintiffs filed the Complaint, the Federal Bureau of Investigation ("FBI") had not yet completed its processing of Plaintiffs' FOIA requests, and the FBI is still working to identify and process responsive records.

## II. JOINT DISCOVERY PLAN

To date, no discovery has taken place, and given the nature of this action the parties agree that no discovery schedule is needed at this time. Discovery is generally not available in a FOIA case. *See, e.g.*, *Schrecker v. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) (explaining that "[d]iscovery in FOIA [cases] is rare"); *Judicial Watch, Inc. v. Dep't of Justice*, 185 F. Supp. 2d 54, 65 (D.D.C. 2002) ("Discovery is not favored in lawsuits under the FOIA.").

In accordance with Federal Rule of Civil Procedure 26(f)(3), the parties have reviewed and agreed upon the following points regarding discovery:

- **Rule 26(f)(3)(A)**: Initial disclosures are inapplicable.
- **Rule 26(f)(3)(B)**: No discovery is anticipated at this time.

- **Rule 26(f)(3)(C)**: No issues regarding disclosure, discovery, or preservation of electronically stored information are anticipated.
- **Rule 26(f)(3)(D)**: No discovery-related issues about claims of privilege or protection of trial-preparation materials are anticipated.
- **Rule 26(f)(3)(E)**: No changes to the limitations on discovery are needed.
- **Rule 26(f)(3)(F)**: The parties do not request any orders under Federal Rule of Civil Procedure 26(c). The parties respectfully request that the Court enter the schedule proposed below.

Additionally, the parties offer the following responses to the points identified in this Court's Order on March 7, 2024:

- No depositions are anticipated.
- No discovery-related document productions are anticipated.
- Limited discovery regarding settlement evaluations is not needed.
- The case is not anticipated to raise issues implicating expert evidence.
- If disputes exist following the completion of Defendant's productions, and if they cannot be resolved, then the parties anticipate that the case would be fully resolved on a motion or cross-motions for summary judgment.
- The parties do not anticipate that this case will raise issues regarding claims of privilege in the context of discovery.
- The parties do not currently anticipate that a protective order will be needed in this case. Should any issues arise that might require a protective order, the parties agree to meet and confer in an attempt to resolve such issues as promptly and efficiently as possible.

If disputes otherwise occur regarding any of the points described above, the parties likewise agree to meet and confer in an attempt to resolve the issues as promptly and efficiently as possible and seek judicial intervention if necessary or appropriate.

### III. PROPOSED SCHEDULE AND REQUEST TO VACATE THE ENE/CMC

The FBI is still in the process of reviewing the requested records, but it assesses that the amount of material involved is voluminous in one of the FOIA requests for records. Given the amount of material, and the potential sensitivity of the law enforcement records being examined for responsiveness and exemptions, the FBI needs time for internal review before making its first interim response to Plaintiffs.

The parties have conferred regarding the timetable and respectfully request that the Court enter a scheduling order that requires the FBI to make its first interim response on July 31, 2024, and then to make rolling productions of responsive, non-exempt records every four weeks, based on a review of at least 500 pages of potentially responsive records per month. The parties further propose that they file joint status reports every 60 days following the initial response on July 31, 2024, and that they file a final status report following the final response that identifies whether any issues remain in the case and proposes a briefing schedule if needed.

Settlement discussions prior to Defendant's final production would be unproductive. The scope of any challenge to Defendant's response cannot be known until the FBI has completed production of all non-exempt records responsive to Plaintiffs' FOIA requests. After the FBI completes production of non-exempt records, the case may become moot, or Plaintiff may raise challenges to Defendant's FOIA response, in which case Defendant bears the burden of proving that its exemptions are lawful. *Transgender Law Ctr v. Immigration and Customs Enforcement*, 46 F.4th 771, 781 (9th Cir. 2022). The prospect of any such dispute—and the possibility of settling it—will not be known by April 2, 2024, the date set for the ENE and CMC. The parties therefore respectfully request that the ENE and CMC be vacated, along with the requirement to submit ENE statements by March 26, 2024.

Under Local Civil Rule 16.1(e)(2), a case "reviewing administrative rulings" is not required to have an ENE or CMC. This FOIA case fits that description, since it

seeks review of an administrative determination regarding the release of FBI records. The Court accordingly has discretion under Local Civil Rule 16.1(e) to vacate the hearings. Exercising that discretion would be particularly warranted here, given that the parties will not have the information needed to conduct a useful settlement discussion. A case management conference at this time is also unwarranted given the parties' proposed schedule.

Vacating the April 2, 2024 hearings is consistent with the Rules governing all proceedings in the U.S. District Court for the District of Columbia concerning FOIA cases. *See* LCvR 16.3(b)(10) (exempting FOIA cases from the requirements of Fed. R. Civ. P. §§ 16(b) and 26(f)); LCvR 26.2(a)(9) (exempting FOIA cases from initial disclosure requirement).

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court vacate the Early Neutral Evaluation and Case Management Conferences set for April 2, 2024, as well as the related deadline to submit ENE statements by March 26, 2024. The parties also respectfully request that the Court enter an order in which Defendants will make monthly productions of responsive, non-exempt records starting on July 31, 2024, and the parties will submit joint status reports every sixty days thereafter.

Dated: March 25, 2024						Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ Cameron Silverberg
CAMERON SILVERBERG
Trial Attorney (D.C. Bar No. 1780628)

*Counsel for Defendant*

JUDICIAL WATCH, INC.
/s/ Robert Patrick Sticht
ROBERT PATRICK STICHT

*Counsel for Plaintiffs*

# CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to Robert Patrick Sticht and that I have obtained authorization from him to affix his electronic signature to this document.

/s/ Cameron Silverberg
CAMERON SILVERBERG