BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

KEVIN K. BELL
Trial Attorney (GA Bar No. 967210)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, DC 20005
Telephone: (202) 305-8613
Email: kevin.k.bell@usdoj.gov

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>        Defendant. | Case No. 3:24-cv-00119-LL-JLB<br><br>**JOINT STATUS REPORT** |

In accordance with this Court's Order on March 26, 2024 (ECF No. 8), Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt ("Plaintiffs") and Defendant U.S. Department of Justice ("Defendant") submit this Joint Status Report ("JSR"). The parties do not agree about next steps in this matter, and have each provided individual statements with their recommendations below:

1. Plaintiffs seek to obtain disclosure of records and other appropriate relief pertaining to two FOIA requests sent on February 27, 2023. The Complaint was filed on January 17, 2024, ECF No. 1, and answered on February 28, 2024, ECF No. 5.

2. Under the scheduling order entered on October 3, 2024, the Federal Bureau of Investigation ("FBI") must make rolling productions of responsive, non-exempt records every month, based on a review of at least 500 pages of potentially responsive materials per month. *See* ECF No. 10.

**Defendants' Statement**

1. Ashli Babbitt was killed at the U.S. Capitol on January 6, 2021, and Plaintiffs later filed suit seeking compensation for her death under the Federal Tort Claims Act and other laws. *See Ashli Babbitt v. United States*, 24-cv-1701-ACR (D.D.C.) (the "FTCA Litigation"). The FBI has been aware for several months that Plaintiffs entered into a settlement agreement (the "Stipulation") with the United States in the FTCA Litigation. *See* Exhibit 1. Upon deliberation, the FBI recently determined that the Stipulation precludes further pursuit of this FOIA matter.

2. In particular, Plaintiffs agreed to "settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation." *Id.* ¶ 1; *see also id.* ¶¶ 4, 5.c, 9 (expanding on this waiver and release of other claims). In consideration for Plaintiffs' agreement to the Stipulation, the United States agreed to pay them $4,975,000. *Id.* ¶ 3. Here, Plaintiffs seek to obtain disclosure of records and

other relief relating to two FOIA requests for FBI files for Ashli Babbitt and Aaron Babbitt, *see* ECF No. 1 ¶¶ 6–7. As Plaintiffs note, "A BBC news report about Ms. Babbitt's death also was included with the [FOIA] request" for her documents. *Id.* ¶ 6. Because these FOIA requests arose directly or indirectly from the circumstances of Ms. Babbitt's death—which gave rise to the FTCA Litigation—Plaintiffs waived their ability to litigate this matter in the Stipulation.

3. In response to the Court's January 9, 2026 Minute Order, the FBI notes that the pending document consultations are with the Defense Intelligence Agency, and the Air Force. These consultations have not concluded because the relevant offices handle a large volume of document consultations and must manage competing priorities in other cases. It is not clear when these consultations would conclude in the ordinary course, but the FBI respectfully requests that further processing of these documents be halted based on Plaintiffs' waiver of the right to pursue this FOIA matter in the Stipulation.

4. The FBI provided Plaintiffs a draft of this JSR on Monday, March 2, but Plaintiffs did not share their statement until after 5pm on Friday, March 6. The FBI has not had time to prepare a response to Plaintiffs' statement, and in any event this JSR is not the proper forum for such an argument. The FBI respectfully proposes that the Court halt further processing of records pursuant to these FOIA requests based on Plaintiffs' waiver and release in the Stipulation. If the Court requires further briefing, the FBI is prepared to file an appropriate motion.

**Plaintiffs' Statement**

1. Plaintiffs oppose the FBI's request that the Court "halt further processing of records" in this FOIA action. In particular, they dispute the FBI's recent determination that the Stipulation in the FTCA Litigation[1] "precludes further pursuit

---

[1] The settlement agreement was quite properly given the name "Stipulation for Compromise Settlement and Release *of Federal Tort Claims Act Claims* Under 28 U.S.C. § 2677." Ex. 1 (emphasis added).

of this FOIA matter."

2. Plaintiffs question the timing of the FBI's request, *i.e.*, why now? The FBI acknowledges being "aware for several months" of the Stipulation. Defendant's Statement ("Def's Stmt") ¶ 1. Indeed, the Stipulation was fully executed on June 6, 2025. Ex. 1. Plaintiffs filed their stipulation of voluntary dismissal of the FTCA Litigation on the same date and the court dismissed the FTCA case with prejudice on June 18, 2025. *See* FTCA Litigation, Minute Order of June 18, 2025.

3. This FOIA action was not dismissed pursuant to the Stipulation or otherwise. In fact, the only condition in the Stipulation regarding pending litigation was a requirement that Plaintiffs obtain the aforementioned dismissal of the FTCA Litigation from the U.S. District Court for the District of Columbia. *See* Stipulation, ¶ 5(d). If the parties, and the United States in particular, had intended to preclude this FOIA action as part of their negotiated settlement of the FTCA Litigation, the United States would have insisted upon, and the parties would have included in paragraph 5(d), a further condition that Plaintiffs obtain a dismissal of their FOIA action from this Court. Clearly, therefore, this FOIA action was not precluded by the Stipulation. To be sure, paragraph 2 of the Stipulation states that it was entered into solely "for the purpose of compromising disputed claims under the Federal Tort Claims Act . . . ." The FBI is bound by paragraphs 2 and 5(d) of the Stipulation.

4. The FBI behaved as if it understood as much. Indeed, the FBI continued working on this FOIA action, issuing interim monthly status letters to Plaintiffs regarding ongoing consultations with other government agencies, and filing three additional joint status reports on July 15, 2025, September 15, 2025, and January 5, 2026. Such conduct is wholly inconsistent with the notion that this FOIA action was precluded by the Stipulation, but entirely consistent with the fact that it was intended to remain active and ongoing to completion.

5.  Now comes the FBI out of left field and states, "Upon deliberation, the FBI recently determined that the Stipulation precludes further pursuit of this FOIA matter." Def's Stmt. ¶ 1.

6.  The FBI's statement comes on the heels of the Court's minute order of January 9, 2026, noting that the reported progress of the U.S. Department of Justice has remained substantially the same since at least May of 2025, and directing the FBI to provide more detailed information in this status report regarding any records or pages for which there has not been a final determination, including which agencies are being consulted about those pages, why the consultations have not been concluded, and when the consultations will be concluded. ECF 25. Plaintiffs share the Court's concerns and are not satisfied with the FBI's inadequate response thereto in this report.

7.  The FBI's determination relies upon paragraphs 1, 4, 5(c), and 9 of the Stipulation and, in particular, paragraph 1, which provides, "The parties . . . agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation." Def's Stmt. ¶ 2. The operative language in paragraph 1 is "claims . . . arising . . . from the acts or omissions that gave rise to" the FTCA Litigation. Such claims, acts, and omissions are set forth in the complaint filed by Plaintiffs in the FTCA Litigation. They include assault and battery in the fatal shooting of Ashli Babbitt by a Capitol Police officer, various negligent acts or omissions by that officer and other Capitol Police officers, and negligent retention, supervision, and training of those officers by Capitol Police. Obviously, Plaintiffs' FOIA requests are not "claims . . . arising . . . from the acts or omissions that gave rise to" the FTCA Litigation. Likewise, Plaintiffs' sole claim in this FOIA action—

1  violation of FOIA, 5 U.S.C. § 552—did not arise from any acts or omissions of the
2  various Capitol Police officers that gave rise to the FTCA Litigation.

3        8.     Similar, if not identical, language appears in paragraphs 4 and 5(c) of the
4  Stipulation, although the phrase "subject matter that gave rise to" the FTCA Litigation
5  is sometimes substituted for "acts or omissions that gave rise to" it to fit the context of
6  the terms expressed therein.  In all such cases, the subject matter is the fatal shooting
7  of Ashli Babbitt and its consequences such as bodily and personal injuries, damage to
8  property, medical liens and other liabilities, and others.  Such matters clearly did not
9  give rise to Plaintiffs' FOIA requests or the sole claim of this FOIA action based on
10 those requests.  Paragraph 9 is simply a waiver of section 1542 of the California Civil
11 Code and therefore irrelevant here.

12       9.     The FBI makes one argument:  "Because these FOIA requests arose
13 directly or indirectly from the circumstances of Ms. Babbitt's death—which gave rise
14 to the FTCA Litigation—Plaintiffs waived their ability to litigate this [FOIA action] in
15 the Stipulation." Def's Stmt. ¶ 2.  The Court should reject this argument for two
16 reasons.  First, as explained above, the operative language in paragraph 1 of the
17 Stipulation is "claims . . . arising . . . from the acts or omissions that gave rise to" the
18 FTCA Litigation, such as assault, battery, and negligence, together with wrongful
19 death and survival, and damages.  Second, the FBI's argument does not track the
20 operative language in the Stipulation, paragraph 1.  That language requires us to focus
21 on the claim and ask, did that claim arise from the acts or omissions that gave rise to
22 the FTCA Litigation?  Here, the answer is no.  The sole claim in this action—violation
23 of FOIA—arose from the FBI's failure to produce all files and records on Ashli and
24 Aaron Babbitt as requested in their FOIA requests.  (It did not arise from the
25 circumstances of Ashli's death as the FBI mistakenly argues.)  The failure to produce
26 the files and records did not give rise to the FTCA Litigation.  Thus, this FOIA action
27 is not precluded by the Stipulation.
28

10. What crystallizes the point is that the FTCA claim arose from the January 6, 2021, fatal shooting of Ashli Babbitt; the FOIA claim arose from the February 27, 2023, FOIA requests for all FBI files and records on Ashli and Aaron Babbitt.

11. Finally, the FBI is asking the Court to "halt further processing of records" and offers further briefing on its position by motion. Def's Stmt. ¶¶ 3, 4. The meaning of that request is unclear to the Plaintiffs. What they do understand, however, is that at this juncture neither a stay, nor a dismissal, nor a judgment is warranted for all the reasons explained above. No further briefing is necessary in Plaintiffs' view.

12. Plaintiffs respectfully request that the Court find further briefing unnecessary; schedule a status hearing to address the FBI's response to the concerns expressed in the Court's minute order of January 9, 2026 and next steps; and order the Defendant to produce a *Vaughn* index in the interim.

//
//
//

Dated: March 6, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

/s/ *Kevin K. Bell*
KEVIN K. BELL
Trial Attorney (GA Bar No. 967210)

*Counsel for Defendant*

JUDICIAL WATCH, INC.
/s/ *Robert Patrick Sticht*
ROBERT PATRICK STICHT

*Counsel for Plaintiffs*

# CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures of the United States District Court for the Southern District of California, I certify that the content of this document is acceptable to Robert Patrick Sticht and that I have obtained authorization from him to affix his electronic signature to this document.

/s/ *Kevin K. Bell*
KEVIN K. BELL