# Exhibit 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ESTATE OF ASHLI BABBITT and )
AARON BABBITT, individually and on )
behalf of the ESTATE OF ASHLI )
BABBITT, )
          Plaintiffs, )
           )
v. )   Case No. 1:24-cv-01701-ACR
           )
UNITED STATES OF AMERICA, )
           )
          Defendant. )

### STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS UNDER 28 U.S.C. § 2677

It is hereby stipulated by the undersigned Plaintiffs (meaning any person, other than the defendant and the parties' attorneys, signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America (hereinafter "United States"), collectively, "the parties," through their respective attorneys, as follows:

1.    The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.    This Stipulation is not and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically

*Estate of Ashli Babbitt, et al. v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)

Page 1 of 11

denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the amount of Four Million, Nine Hundred and Seventy-Five Thousand Dollars ($4,975,000.00) (hereinafter "Settlement Amount") as follows:

a. Within five business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; and (3) an authorization by the Attorney General or her designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the United States Treasury requesting an electronic funds transfer ("EFT") for the Settlement Amount, made payable to the "Judicial Watch, Inc. DC IOLTA Attorney Trust Account."  Plaintiffs' attorney agrees to distribute the Settlement Amount to Plaintiffs, in accordance with the terms and conditions of this Stipulation.

b. With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement preservation trust, or special or supplemental needs trust.  Plaintiffs further stipulate and agree that the Plaintiffs, the Plaintiffs' attorney(s), any Guardian Ad Litem, and the Plaintiffs' representatives (including any structured settlement annuity broker, regardless of whether said

*Estate of Ashli Babbitt, et al. v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)

Page 2 of 11

broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured settlement annuities and Plaintiffs agree not to attempt to purchase such structured settlement annuities.

      c.      Plaintiffs stipulate and agree that the attorney shall escrow the aggregate face value of any and all currently known liens and currently known claims for payment or reimbursement, including but not limited to any such liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-referenced civil action, whether disputed as legally valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and until said liens and claims have been paid or resolved.

      d.      The parties agree that any attorneys' fees owed by Plaintiffs relating to this Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement Amount as provided in 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with Plaintiffs' costs and expenses incurred in bringing the above-referenced action, and their costs, expenses, and fees (including all fees of any legal Guardian Ad Litem) associated with obtaining court approval of this settlement on behalf of any minor, incompetent adult, or estate required to sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto. The parties agree that any fees, including fees of any legal Guardian Ad Litem,

*Estate of Ashli Babbitt, et al. v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)

Page 3 of 11

incurred in providing legal services in this matter and in any court proceedings reviewing the settlement for approval purposes shall be considered attorneys' fees and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

4.  Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any), heirs, executors, administrators, and assigns hereby accept the settlement and the payment of the Settlement Amount in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of Ashli Babbitt, or damage to property, and the consequences thereof, that Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter that gave rise to the above-captioned action.

Plaintiffs, on behalf of themselves, their respective heirs, executors, administrators, assigns, predecessors and successors in interest, do hereby, for good and valuable consideration, the receipt of which is hereby acknowledged, release and forever discharge the United States, and its respective officials, agencies, entities, representatives, officers, employees, agents, assigns and attorneys, including the United States Capitol Police and any other legislative branch entity, from any and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever, whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to

*Estate of Ashli Babbitt, et al v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)

Page 4 of 11

the above-captioned action that could have been but were not brought in this action.

Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further agree to reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

The Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns further stipulate and agree that they are legally responsible for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including but not limited to an insurance company, Medicaid (including the District of Columbia or the State of California), and Medicare, arising from the injuries that are the subject matter of this action.   Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity.   Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

*Estate of Ashli Babbitt, et al. v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)

5.  This compromise settlement is specifically subject to each of the following conditions:

   a.  The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

   b.  The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable, and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before counsel for the United States will seek settlement authority from the Attorney General or the Attorney General's designee.

   c.  Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any individual, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before counsel for the United States will seek settlement authority from the Attorney

*Estate of Ashli Babbitt, et al. v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)

Page 6 of 11

General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.c., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential individual.

        d.        Plaintiffs must obtain an order from the United States District Court for the District of Columbia dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining jurisdiction over the above-captioned action, this settlement, or the United States.

6.        The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure under 5 U.S.C. § 552a(b).

7.        Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and

*Estate of Ashli Babbitt, et al. v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)

Page 7 of 11

successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset under the Treasury Offset Program.

8.  Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.  Plaintiffs hereby expressly waive any and all rights and benefits conferred upon them by the provision of Section 1542 of the California Civil Code and expressly consent that this Agreement shall be given full force and effect according to each and all of its express terms and provisions, including those relating to unknown and unsuspected claims, appeals, demands, and causes of action, if any, as well as those relating to any other claims, appeals, demands, and causes of action herein above specified. Section 1542 provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The provisions of all comparable, equivalent, or similar statutes and principles of common law of California, of the other states of the United States, and of the United States are also hereby expressly waived by Plaintiffs. In connection with such waiver and relinquishment, Plaintiffs acknowledge awareness that Plaintiffs may hereafter discover claims presently unknown or unsuspected or facts in addition to or different from those that they now know or believe to be

*Estate of Ashli Babbitt, et al. v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)



true, with respect to the released claims. Nevertheless, it is the intention of Plaintiffs through this release, and with the advice of counsel, to fully, finally and forever settle and release all such matters, and all claims relative thereto, which heretofore have existed, now exist, or hereafter may exist between the Plaintiffs on the one hand, and the United States on the other. In furtherance of such intention, this release shall be and remain in effect as a full and complete release of such matters, notwithstanding the discovery or existence of any such additional or different claims or facts relating thereto.

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

WHEREAS, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this __6th__ day of __June__, 2025.

UNITED STATES OF AMERICA,

By: _____
Sarah E. Whitman
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice

Attorney for Defendant,
United States of America

*Estate of Ashli Babbitt, et al. v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)

Page 9 of 11

Executed this __3rd__ day of __June__, 2025.

ATTORNEYS FOR PLAINTIFFS,
JUDICIAL WATCH, INC.,

By: _____
Robert Patrick Sticht
JUDICIAL WATCH, INC.

Attorney for Plaintiffs

*Estate of Ashli Babbitt, et al v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)

Executed this __3RD__ day of __JUNE__, 2025.

AARON BABBITT,

_____
AARON BABBITT



Executed this __3RD__ day of __JUNE__, 2025.

ESTATE OF ASHLI BABBITT,

By: _____
AARON BABBITT, duly appointed personal representative and administrator of the ESTATE OF ASHLI BABBITT

*Estate of Ashli Babbitt, et al. v. United States*, No. 24-1701 (D.D.C.)
Stipulation for Compromise Settlement and Release
(June 2025)

Page 11 of 11